UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

WALID MATTA,

       Plaintiff,                             Case No. 26-        -cv

                                           Hon.

v.

UNITED STATES OF AMERICA,

       Defendant.

_____/

ALI A. AJROUCH (P77503)
Law Offices of Joumana Kayrouz, PLLC
Attorney for Plaintiff
24370 Northwestern Highway, Suite 300
Southfield, MI 48075
Ph: (248) 557-3645 / Fax: (248) 200-0645
aajrouch@joumanakayrouz.com
_____/

## COMPLAINT
## PURSUANT TO FEDERAL TORT CLAIMS ACT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court

                     */s/Ali A. Ajrouch*
                     ALI A. AJROUCH (P77503)

      NOW COMES Plaintiff, Walid Matta, by and through his attorneys, and for

his Complaint against United States of America, hereby states as follows:

## JURISDICTION

1. This is a civil action involving an automobile negligence claim against the Defendant, United States of America and Wayne Ten Roberts II, who at all times relevant hereto, an employee, agent and/or representative of the United States Postal Service, an entity owned and operated by the Defendant, United States of America, which is liable to Plaintiff, Walid Matta pursuant to 28 USC §1346.

2. This Court had jurisdiction over the claim asserted against the Defendant pursuant to the Federal Tort Claims Act, 28 U.S.C. §2674 and pursuant to 28 U.S.C. § 1332 (a)(1)(2).

3. That the jurisdiction of this Court is founded upon 28 U.S.C. §1346b.

4. The amount in controversy exceeds Seventy-Give Thousand Dollars ($75,000.00), excluding interest costs and attorney fees.

## VENUE

5. Plaintiff re-alleges and reasserts paragraphs 1 through 4 as fully set forth herein.

6. Venue lies with the United State District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(c)(d)(e). The events alleged herein took place within Wayne County, Michigan, which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

7. Plaintiff re-alleges and reasserts paragraphs 1 through 6 as fully set forth herein.

8.  That at all times pertinent hereto, Plaintiff, Walid Matta, is an adult citizen of the United States and resident of the City of Dearborn, County of Wayne, and State of Michigan

9.  That at all times pertinent hereto, Defendant, Wayne Ten Roberts II, is an adult citizen and a resident of the City of Canton, County of Wayne, and State of Michigan.

10. Defendant, United States of America, employed Wayne Ten Roberts II, who upon information and belief, is a citizen of the United States, who on July 12, 2023, was acting within the scope and course of his employment with the United States Postal Service, an agency of the United States of America, when he failed to yield and crashed into Plaintiff, Walid Matta.

11. Defendant, United States of America, was the employer of Defendant, Wayne Ten Roberts II, at all pertinent times.

12. That at all times pertinent hereto, Defendant, United States of America operated the United States Postal Service, owned, operated, managed and possessed establishments and is authorized to do business in the State of Michigan, including the County of Wayne.

13. Venue and jurisdiction are properly vested in this court. That the Plaintiff submitted a written claim of damages to Defendant, United States of America, on July 1, 2025, and July 10, 2025.

14. On July 1, 2025, and July 10, 2025, Plaintiff, Walid Matta, sent a claim for damages to the USPS Michigan 1 District Accident and Tort Claims Center,

giving notice of the collision, and requested review of his claim and seeking
$250,000.00 in damages. **(Attachment A)**

15. That the Defendant acknowledged the claim for damages pursuant to
correspondence issued on August 25,2025. (**Attachment B**).

16. Six months have passed since sending the acknowledgment of claim letter,
however, Defendant has not responded regarding their findings.

## FACTUAL STATEMENT

17. Plaintiff re-alleges and reasserts paragraphs 1 through 16 as fully set forth
herein.

18. On July 12, 2023, Plaintiff, Walid Matta, was lawfully driving his vehicle
on Michigan Ave near Telegraph Rd in the city of Dearborn, County of
Wayne, State of Michigan, when United States Postal Service employee,
Wayne Ten Roberts II, operating a United States Postal Service owned
vehicle failed to yield and struck Plaintiff's vehicle.

19. United States Postal Service employee, Wayne Ten Roberts II, failed to use
care and caution that an ordinary person would use in the same or similar
situation, resulting in him striking Plaintiff, Walid Matta, in his vehicle and
causing him severe and permanent injuries.

20. On July 12, 2023, Wayne Ten Roberts II, was attempting to cross east bound
Michigan Avenue into the Holiday Inn parking lot near Telegraph Road in
the city of Dearborn, County of Wayne, State of Michigan, when he failed
to yield to Plaintiff, Walid Matta, who was lawfully driving his vehicle and
had the right of way.

21. Defendant, Wayne Ten Roberts II, failed to keep a sharp and careful lookout for traffic conditions, and failed to yield to Plaintiff, Walid Matta, striking him in his vehicle.

22. Plaintiff, Walid Matta, did not have ample time to avoid a collision and was in no way comparatively negligent when he was his by the Defendant.

23. At said time and place, Wayne Ten Roberts II, who upon information and belief, is a citizen of the United States, and was acting within the scope and course of his employment with the United States Postal Service, an agency of the United States of America, when he failed to yield and crashed into Plaintiff, Walid Matta.

24. Defendant, Wayne Ten Roberts II, was operating a United States Postal Service vehicle owned by Defendant, United States of America, and was attempting to cross east bound Michigan Avenue into the Holiday Inn parking lot near Telegraph Road in Dearborn, Michigan when he negligently failed to yield to the right of way, striking Plaintiff, Walid Matta, in his vehicle, thereby inflicting serious injuries upon him.

25. Upon information and belief, at said time and place, Defendant, United States of America, was the owner of the 2019 Dodge Promaster bearing the VIN 3C6TRVCG7JE140989.

26. As a result of the incident, Plaintiff, Walid Matta, suffered severe and painful injuries including but not limited to his neck, back, chest, abdomen, pelvis, shoulders, hip, leg, arm and head.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff, and against Defendant, in an amount in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), plus costs, interest and attorney fees.

### COUNT I - NEGLIGENCE and/or GROSS NEGLIGENCE

27. Plaintiff re-alleges and reasserts Paragraphs 1 through 26 as though fully set forth herein.

28. At all pertinent times, pursuant to Michigan law, Wayne Ten Roberts II, an employee of Defendant, United States of America owed a duty to act with ordinary care for the safety of Plaintiff, Walid Matta, including, but not limited to obeying all laws, statutes and city ordinances while driving the subject vehicle on public roads.

29. At all pertinent times, Wayne Ten Roberts II, an employee of Defendant, United States of America, had a duty to act as a reasonably careful person would act under the same or similar circumstances as existed at the time of the subject collision.

30. That, upon information and belief, on or about July 12, 2023, Wayne Ten Roberts II, an employee of Defendant, United States of America owed Plaintiff a duty to operate his vehicle with reasonable care and caution and in a manner so as not to inflict injury upon others and, in particular, upon the Plaintiff.

31. That Wayne Ten Roberts II an employee of Defendant, United States of America, was negligent and grossly negligent and responsible for the

negligent, reckless, and careless operation of said motor vehicle, resulting from the following acts and/or omissions:

a. Failure to drive with due care and caution so as to avoid endangering vehicles and individuals, specifically, Plaintiff, Walid Matta, in violation of MCL 257.626(b);

b. Failing to operate a motor vehicle upon the highway at a speed not greater than would permit a reasonable stop in violation of MCL §257.627(1);

c. Failing to stop and thereby crashing into Plaintiff in violation of MCL §257.402;

d. Failing to observe Plaintiff and becoming distracted while driving upon a public roadway in Michigan in violation of MCL §257.602b;

e. Failing to keep a sharp and careful lookout and to be attentive to existing traffic conditions in violation of MCL §257.627;

f. Driving his vehicle upon a public road in a willful and wanton disregard for the safety of others;

g. Failing to pay proper attention to the Plaintiffs course of travel on the roadway;

h. Failing to stop within an assured clear distance;

i. Driving in a careless manner;

j. Failure to drive as a reasonable and prudent person would under same or similar circumstances;

k. Failure to take evasive action so as to avoid the collision;

l. Driving vehicle in rates in excess of established speed;

m. Failure to obey all applicable statutes and/or city ordinances;

    n.  Any and all breaches that become known through litigation.

32. As a direct and proximate result of the negligence and/or gross negligence and/or willful and wanton misconduct of Wayne Ten Roberts II, an employee of Defendant, United States of America, Plaintiff, Walid Matta, has suffered serious and permanent injuries and damages in the following manner, including but not limited to:

    a.  Head injury and pain;

    b.  Loss of consciousness;

    c.  Traumatic brain injury;

    d.  Concussion;

    e.  Memory loss;

    f.  Headaches;

    g.  Shoulder injury and pain;

    h.  Chest injury and pain;

    i.  Lung injury;

    j.  Difficulty breathing;

    k.  Pneumothorax;

    l.  Hip injury and pain;

    m.  Spasms;

    n.  Rib fractures;

    o.  Need for emergency medical transport;

    p.  Need for emergency medical treatment;

    q.  Need for medical care;

r.   Need for hospitalization;

s.   Need for follow up medical care and treatment;

t.   Need for rehabilitation;

u.   Need for physical therapy;

v.   Need for surgical intervention;

w.  Pain and suffering;

x.   Fright and shock;

y.   Emotional distress;

z.   Bruising and pain;

aa. Excess economic losses;

bb. Emotional distress;

cc. Potential future surgeries;

dd. Future medical treatment;

ee. Serious impairment of a body function;

ff.  Potential permanent scarring and serious disfigurement; and

gg. Any and all other damages which may become known throughout the passage of the time and/or course of discovery.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff, and against Defendant, in an amount in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), plus costs, interest and attorney fees.

## COUNT II - OWNERS LIABILITY

33. Plaintiff restates, re-alleges and incorporates allegations contained in Paragraphs 1-32 as fully set forth herein.

34. Defendant, United States of America was the owner of the vehicle that was being driven by Wayne Ten Roberts II, an employee of Defendant, United States of America who negligently operated the vehicle and caused the collision that seriously and permanently injured Plaintiff, Walid Matta.

35. Upon information and belief, Wayne Ten Roberts II, an employee of Defendant, United States of America, had the express and/or implied consent and permission to use the vehicle she was driving at the time of the collision.

36. By virtue of the Owner's Liability Statute, MCL §257.401, Defendant, United States Postal Service is responsible and liable for damages negligently caused by Wayne Ten Roberts II.

37. Defendant, United States Postal Service is liable for injuries sustained by Plaintiff, Walid Matta, negligently caused by Wayne Ten Roberts II, pursuant to the Owner's Liability Act, MCL §257.401.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff, and against Defendant, in an amount in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), plus costs, interest and attorney fees.

## <u>COUNT III - NEGLIGENT ENTRUSTMENT</u>

38. Plaintiff restates, re-alleges and incorporates allegations contained in Paragraphs 1-37 as fully set forth herein.

39. Upon information and belief, Defendant, United States of America, had the opportunity to observe and have knowledge of Wayne Ten Roberts II's driving practices and habits.

40. At all times relevant, Defendant United States of America, knew or reasonably should have known that by allowing Defendant, Wayne Ten Roberts II, to drive its vehicle that he would likely be involved in a traffic collision.

41. Given, Wayne Ten Roberts II's driving habits and driving history, it was foreseeable that he would be involved in a collision, and specifically, involved in a collision with Plaintiff.

42. Defendant, United States of America, owed a duty to the general public, and to the Plaintiff, not to negligently allow it's vehicle to be driven by Wayne Ten Roberts II, without due care and caution and not to allow the vehicle to be operated in such a manner as to endanger the general public and specifically, Plaintiff Walid Matta's health, life and property in violation of the motor vehicle codes of the State of Michigan and the rules of common law.

43. Defendant, United States of America, allowed the vehicle to be entrusted to Wayne Ten Roberts II, with its express and implied consent or knowledge.

44. Contrary to the duties owed to Plaintiff, Defendant, United States of America, negligently breached these duties by allowing its vehicle to be operated by a person who knew or should have known would operate the vehicle in a careless, reckless or incompetent manner, in violation of the motor vehicle codes of the State of Michigan and the rules of common law.

45. As a result of the Defendant's negligent entrustment of the vehicle to Wayne Ten Roberts II, Wayne Ten Roberts II was negligent as set forth in Count I, causing Plaintiff, Walid Matta, to sustain serious and permanent injuries including but not limited to:

    a.  Head injury and pain;

    b.  Loss of consciousness;

    c.  Traumatic brain injury;

    d.  Concussion;

    e.  Memory loss;

    f.  Headaches;

    g.  Shoulder injury and pain;

    h.  Chest injury and pain;

    i.  Lung injury;

    j.  Difficulty breathing;

    k.  Pneumothorax;

    l.  Hip injury and pain;

    m.  Spasms;

    n.  Rib fractures;

o.   Need for emergency medical transport;

p.   Need for emergency medical treatment;

q.   Need for medical care;

r.   Need for hospitalization;

s.   Need for follow up medical care and treatment;

t.   Need for rehabilitation;

u.   Need for physical therapy;

v.   Need for surgical intervention;

w.   Pain and suffering;

x.   Fright and shock;

y.   Emotional distress;

z.   Bruising and pain;

aa. Excess economic losses;

bb. Emotional distress;

cc. Potential future surgeries;

dd. Future medical treatment;

ee. Serious impairment of a body function;

ff.  Potential permanent scarring and serious disfigurement; and

gg. Any and all other damages which may become known throughout the passage of the time and/or course of discovery.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff, and against Defendant, in an amount in excess of

Seventy-Five Thousand and 00/100 Dollars ($75,000.00), plus costs, interest and attorney fees.

## COUNT IV - DOCTRINE OF RESPONDEAT SUPERIOR

46. Plaintiff hereby re-alleges, restates and incorporates paragraphs 1-45 as though fully set forth herein.

47. On the above date, Wayne Ten Roberts II, was an employee and/or agent of the Defendant, United States of America.

48. At the time of the collision, Wayne Ten Roberts II, was in the course and scope of his employment with the Defendant, United States of America.

49. As the employer of Wayne Ten Roberts II, Defendant, United States of America, is responsible for the negligent actions of its employee under the theory of Respondent Superior.

50. At the time of the above incident, Defendant, United States of America, vicariously through their agent, Wayne Ten Roberts II, owed duties to the general public, but especially to Plaintiff, Walid Matta, to perform Defendant's duties in a non-negligent manner.

51. At all times, Defendant, United States of America, through its agent and employees, breached its duty to exercise ordinary care in one or more of the following ways:

    a.  Failure to ensure its employees were properly trained, licensed and/or supervised to operate a motor vehicle such as the vehicle involved in the subject crash;

    b.  Failure to warn the plaintiff prior to the crash in question;

    c.  Failing to hire, manage, supervise and train employees and/or agents who were competent to operate a tractor in a reasonable manner;

    d.  Failure to create, implement, and enforce a safety driving policy and procedure to prevent from crashes such as the incident complained of herein;

    e.  Failing to hire employees who are competent and capable of acting reasonably under the circumstances;

    f.  Failing to otherwise act reasonably under the circumstances;

    g.  Failure to obey all applicable statutes and/or city ordinances; and

    h.  All other breaches of duty identified in deposition testimony and/or answers to interrogatories and/or all other discovery, and all other breaches that become known throughout litigation and all of which is hereby adopted by reference.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff, and against Defendant, in an amount in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), plus costs, interest and attorney fees.

Respectfully submitted by,

*/s/Ali A. Ajrouch*
ALI A. AJROUCH (P77503)
Attorney for Plaintiff
(248) 557-3645

Dated: January 12, 2026

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

WALID MATTA,

     Plaintiff,                                Case No. 26-cv-
                                              Hon.

v.

UNITED STATES OF AMERICA,

     Defendant.

_____/

ALI A. AJROUCH (P77503)
Law Offices of Joumana Kayrouz, PLLC
Attorney for Plaintiff
24370 Northwestern Highway, Suite 300
Southfield, MI 48075
Ph: (248) 557-3645 / Fax: (248) 200-0645
aajrouch@joumanakayrouz.com

_____/

## **ATTACHMENT A TO COMPLAINT**
## **PURSUANT TO FEDERAL TORT CLAIMS ACT**



**Fax Confirmation**

**To:** (650) 357-6301

**From:** (248) 200-0645

**Doc:** Fax_Matta Walid - Letter to USPS with Claim(1)_2025-07-01-1310-PDT.pdf

**Pages:** 264

**Sent:** July 1, 2025 1:10 PM PDT

**Rec'd:** July 1, 2025 2:46 PM PDT



**THE LAW OFFICES OF**
**JOUMANA KAYROUZ**

24370 Northwestern Highway, STE 300 Southfield, MI 48075  |  Phone: (248) 557-3645  Fax: (248) 200-0645

July 1, 2025

*VIA FAX: 313-226-8092*

USPS Michigan 1 District Accident and Tort Claims
Tara Maben
GWY Detroit
1401 W Fort Street, Room 1006
Detroit, MI 48223-9998

|  |  |
|---|---|
| **RE:** | |
| **Client Name:** | **Walid Matta** |
| **DOA:** | **07/12/2023** |
| **USPS Case No:** | **481-23-00588943A** |

Dear Sir/Madam,

This letter serves to inform you that this firm has been retained by our client, **Walid Matta,** to represent him for the injuries he sustained in a car accident that occurred on 07/12/2023. Enclosed, please find the following:

- **Limited Power of Attorney and Authorization**
- **Completed SF-95 Form**
- **Police Report**
- **Medical Records**

We would appreciate a prompt response in this matter. We thank you in advance for your anticipated cooperation. If you have any questions or concerns, please do not hesitate to call us at 248-557-3645.

Very Truly Yours,

*Ali A. Ajrouch, Esq.*

Ali A. Ajrouch, Esq.
Attorney and Counselor at Law

*FWY 25U4U1A*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>USPS MICHIGAN 1 DISTRICT ACCIDENT & TORT CLAIMS<br>Tara Maben<br>GWY Detroit<br>1401 W. Fort St 9th Floor<br>Detroit MI 48233-9998 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Walid Matta<br>3100 Katherine St.<br>Dearborn, MI 48124 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>08/04/1994 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>Wednesday, July 12, 2023 | 7. TIME (A.M. OR P.M.)<br>4:04 PM |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Claimant sustained injuries in a motor vehicle accident caused by the negligence of a USPS Driver on July 12, 2023. On that date, the USPS driver failed to yield causing a "T-Bone" collision. The USPS driver, Wayne Ten Roberts II, was cited at fault for the accident. As a result of the accident, claimant sustained injuries including but not limited to his neck, back, and mental and psychological injuries. These injuries have affected his ability to lead his normal life.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

Claimant is not making a property damage claim.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant sustained injuries to his neck, back, and head as observed and diagnosed by his treating healthcare providers including but not limited to Dr. Razmig Haladjian and Dr. Mohamed Raychouni. He was also seen at the Emergency Room at Beaumont Health Systems. Please see attached records.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Wayne Ten Roberts | 856 Queens Way, Canton, MI 48188 | |
| Walid Matta | 3100 Katherine St., Dearborn, MI 48124 | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>N/A | 12b. PERSONAL INJURY<br>$2,000,000.00 | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>(313) 525-3276 | 14. DATE OF SIGNATURE<br>6/27/25 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109          NSN 7540-00-634-4046          STANDARD FORM 95<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☒ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.    ☐ No

AAA Insurance Company                 Policy # AUT7007 19411
PO Box 8082
Royal Oak, MI 48068

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☒ Yes   ☐ No

Yes, a claim has been filed with AAA Insurance who provides unlimited medical coverage. The claim is for Personal Injury Protection (PIP) benefits only.

17. If deductible, state amount.

$300

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?  (It is necessary that you ascertain these facts.)

AAA paid some benefits; however, a lawsuit has been filed in Wayne County Circuit Court for any unpaid benefits.

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).    ☐ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following:  5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  **Principal Purpose:**  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

SF 95       BACK



## Fax Confirmation

**To:** (650) 357-6301

**From:** (248) 200-0645

**Doc:** Fax_Matta Walid - Letter to USPS with Claim(2)_2025-07-10-0811-PDT.pdf

**Pages:** 264

**Sent:** July 10, 2025 10:03 AM PDT

**Rec'd:** July 10, 2025 11:40 AM PDT



**THE LAW OFFICES OF**
**JOUMANA KAYROUZ**

24370 Northwestern Highway, STE 300 Southfield, MI 48075  |  Phone: (248) 557-3645  Fax: (248) 200-0645

July 10, 2025

*VIA FAX: 650-357-6301*

USPS Michigan 1 District Accident and Tort Claims
Attn: Brenda Cowles
GWY Detroit
1401 W Fort Street, Room 1006
Detroit, MI 48223-9998

|  |  |
|---|---|
| **RE:** | |
| **Client Name:** | **Walid Matta** |
| **DOA:** | **07/12/2023** |
| **USPS Case No:** | **481-23-00588943A** |

Dear Sir/Madam,

This letter serves to inform you that this firm has been retained by our client, **Walid Matta,** to represent him for the injuries he sustained in a car accident that occurred on 07/12/2023. Enclosed, please find the following:

- **Limited Power of Attorney and Authorization**
- **Completed SF-95 Form**
- **Police Report**
- **Medical Records**

We would appreciate a prompt response in this matter. We thank you in advance for your anticipated cooperation. If you have any questions or concerns, please do not hesitate to call us at 248-557-3645.

Very Truly Yours,

*Ali A. Ajrouch, Esq.*

Ali A. Ajrouch, Esq.
Attorney and Counselor at Law

JU4 2504U1a

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency:<br>USPS MICHIGAN 1 DISTRICT ACCIDENT & TORT CLAIMS<br>Tara Maben<br>GWY Detroit<br>1401 W. Fort St 9th Floor<br>Detroit MI 48233-9998 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, Street, City, State and Zip Code)<br>Walid Matta<br>3100 Katherine St.<br>Dearborn, MI 48124 |
|---|---|

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>08/04/1994 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>Wednesday, July 12, 2023 | 7. TIME (A.M. OR P.M.)<br>4:04 PM |
|---|---|---|---|---|

**8.** Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Claimant sustained injuries in a motor vehicle accident caused by the negligence of a USPS Driver on July 12, 2023. On that date, the USPS driver failed to yield causing a "T-Bone" collision. The USPS driver, Wayne Ten Roberts II, was cited at fault for the accident. As a result of the accident, claimant sustained injuries including but not limited to his neck, back, and mental and psychological injuries. These injuries have affected his ability to lead his normal life.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).
 Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

 Claimant is not making a property damage claim.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant sustained injuries to his neck, back, and head as observed and diagnosed by his treating healthcare providers including but not limited to Dr. Razmig Haladjian and Dr. Mohamed Raychouni. He was also seen at the Emergency Room at Beaumont Health Systems. Please see attached records.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Wayne Ten Roberts | 856 Queens Way, Canton, MI 48188 | |
| Walid Matta | 3100 Katherine St., Dearborn, MI 48124 | |

| 12. (See instructions on reverse.) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE<br>N/A | 12b. PERSONAL INJURY<br>$2,000,000.00 | 12c. WRONGFUL DEATH<br>N/A | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$2,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of person signing form<br>(313) 525-3276 | 14. DATE OF SIGNATURE<br>6/27/25 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for the civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☒ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

AAA Insurance Company          Policy # AUT7007 19411
PO Box 8082
Royal Oak, MI 48068

16. Have you filed a claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? ☒ Yes  ☐ No

Yes, a claim has been filed with AAA Insurance who provides unlimited medical coverage. The claim is for Personal Injury Protection (PIP) benefits only.

17. If deductible, state amount.

$300

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

AAA paid some benefits; however, a lawsuit has been filed in Wayne County Circuit Court for any unpaid benefits.

19. Do you carry public liability and property damage insurance? ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

N/A

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item #12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

**(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, D.C. 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

SF 95      BACK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

WALID MATTA,

      Plaintiff,                            Case No. 26-cv-
                                             Hon.

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

ALI A. AJROUCH (P77503)
Law Offices of Joumana Kayrouz, PLLC
Attorney for Plaintiff
24370 Northwestern Highway, Suite 300
Southfield, MI 48075
Ph: (248) 557-3645 / Fax: (248) 200-0645
aajrouch@joumanakayrouz.com

_____/

**ATTACHMENT B TO COMPLAINT
PURSUANT TO FEDERAL TORT CLAIMS ACT**

LAW DEPARTMENT
NATIONAL TORT CENTER

 **UNITED STATES POSTAL SERVICE**

August 25, 2025

RECEIVED
SEP 0 2 2025
BY:

Joumana Kayrouz
Law Offices of Joumana Kayrouz
24370 Northwestern Highway, Suite 300
Southfield, MI 48075

Re:   Claimant:            Walid Matta
      Date of Incident:    July 12, 2023
      NTC File No.:        NT202546374

Dear Counsel:

Please be advised that the above-referenced matter which was presented on behalf
of Walid Matta with the United States Postal Service on July 10, 2025 has been
assigned to the National Tort Center.

Please be advised that pursuant to the Federal Tort Claims Act (28 U.S.C. §1346),
the Postal Service has six (6) months after receipt of a valid claim in which to
complete its adjudication. Federal law mandates that "an action shall not be
instituted" unless the plaintiff has filed an administrative claim and either obtained a
written denial or waited six months. 28 U.S.C. §2675(a).  Accordingly, once a valid
claim is received by the Postal Service, the time to file litigation does not begin until
such time as a written denial is issued by the Postal Service or alternatively, a
claimant may file, but is not required to file litigation, no sooner than six months from
the date of presentment.  State statutes of limitations do not apply to FTCA matters.

As set forth in the instruction section of the SF-95, a claimant is required to provide
documentation to support his/her claim. Based upon an initial review of your
submission, please provide the following at your earliest opportunity:

⊠ Nothing additional needed currently
☐ Property damage supports
☐ Proof of ownership
☐ Salvage statement
☐ Declaration page from auto insurance policy
☐ Medical records
☐ Itemized medical bills

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL:  314/345-5820
FAX: 314/345-5893

- 2 -

☐No fault/PIP payment log
☐Lien documentation
☐Ambulance report
☐Wage loss supports
☐Police report
☐Original signature on SF95
☐Birth certificate/proof of guardianship/proof of conservatorship
☐Documentation signed by Claimant authorizing representation on this
   matter
☐Other:     _____

Any additional information and/or documentation supporting this matter should be provided to me directly, preferably via email in PDF format for most efficient transmittal and handling. My email address is set forth below. **Please note that the Department of Justice regulations and the Postal Service regulations regarding the presentment of tort claims (SF95 or equivalent) do not provide for the presentment of electronic tort claims or electronic amended tort claims. Accordingly, the email address below may only be used for submission of supporting documentation and/or communication regarding tort claims, and *never* for submission of tort claims or amended tort claims which must be presented as set forth in the regulations. *See* 28 CFR Part 14; 39 CFR Part 912.** Also please note that the Postal Service does not allow us to access drop boxes or other such electronic formats to obtain documentation; accordingly, to provide documentation in electronic format, you must email it directly to me in PDF format. Alternatively, if necessary, you may provide supporting documentation via mail to my attention to the National Tort Center, United States Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948. However, mailing the documentation may cause delays in the adjudication of this matter due to additional processing time necessitated by paper documents. In sum, a tort claim must be submitted in accordance with the requirements set forth in 39 C.F.R. Part 912.4 whereas supporting documentation *should* be transmitted via email when possible.

Please note:  The United States Postal Service is not insured with any automobile insurance carrier, does not carry uninsured or underinsured motorist coverage and is not a self-insured entity. To the extent that the United States Postal Service is found liable for damages under the provisions of the Federal Tort Claims Act ("FTCA"), payment of any judgment is made from its general fund.

Be assured that the Postal Service works diligently to adjudicate all claims within the six-month period; however, it is possible that it might take a bit longer for us to be able to complete a thorough evaluation and consideration of your submission. You may contact the National Tort Center at any time to obtain a status.   Furthermore, if

you have not heard from the National Tort Center prior to expiration of the six-month adjudication period, please do contact me for a status update prior to filing litigation.

Sincerely,

Meenakshi Ahuja
Tort Claims Examiner/Adjudicator
Tel: 720/221-5135
E-Mail: meenakshi.ahuja@usps.gov

/tw

cc:    Brenda Cowles
       Tort Claims/Collections Specialist
       File No. 481-23-00588943A

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

WALID MATTA,

      Plaintiff,                             Case No. 26-cv-
                                             Hon.

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

ALI A. AJROUCH (P77503)
Law Offices of Joumana Kayrouz, PLLC
Attorney for Plaintiff
24370 Northwestern Highway, Suite 300
Southfield, MI 48075
Ph: (248) 557-3645 / Fax: (248) 200-0645
aajrouch@joumanakayrouz.com

_____/

**JURY DEMAND**

      Plaintiff, Walid Matta, hereby demands a trial by jury in the above matter.


                                    Respectfully submitted by,

                                      */s/Ali A. Ajrouch*_____
                                      ALI A. AJROUCH (P77503)
                                      Attorney for Plaintiff
                                      (248) 557-3645


Dated: January 12, 2026